IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EUGENE MYERS,

    **Plaintiff,**

    v.                                            CASE NO. 23-3161-JWL

CORE CIVIC, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at USP-Atwood. Plaintiff was previously detained at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). The Court granted Plaintiff leave to proceed in forma pauperis. On July 6, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until August 4, 2023, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the deadline.

    Plaintiff alleges that he tore his quad when he was forced to jump from the top bunk in his cell. Plaintiff claims that this could have been prevented if ladders were installed. Plaintiff claims he received inadequate medical care and was not given pain medication after his surgery. Plaintiff claims that this happened in September 2018. Plaintiff names CoreCivic and (fnu) Thomas, CoreCivic Warden, as defendants. Plaintiff seeks compensatory damages. (Doc. 1, at 5.)

    Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983. The Court found in the MOSC that Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

1

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). Plaintiff alleges no facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official.

The Court also found that the United States Supreme Court has held that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, 2016 WL 6164208, at *3 (D. Kan. 2016). Because Plaintiff has an alternative cause of action against Defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 6, at 7–8.) Plaintiff has failed to respond by the deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

Plaintiff has filed a second motion for leave to proceed in forma pauperis (Doc. 7). The Court previously granted Plaintiff's motion for leave to proceed in forma pauperis at Doc. 2. Therefore, Plaintiff's current motion is denied as moot.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 7) is **denied as moot.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 11, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**